UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

MICHAEL GRAY,

        Petitioner,

v.                                                Case No. 5:03-cv-160-Oc-10GRJ

SECRETARY, DEPARTMENT OF
CORRECTIONS, et al.,

        Respondents.
_____

## ORDER DENYING THE PETITION

On May 9, 2003, Petitioner, *pro se*, initiated this action by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). Petitioner challenges his 1998 conviction of armed robbery for which he was sentenced to life imprisonment as a prison releasee reoffender. The Petition, the Response to the Petition and the record submitted with the Response, Petitioner's Reply, and the other pleadings demonstrate that an evidentiary hearing is not warranted in this case, and the Court may resolve the Petition on the basis of the record. See Habeas Rule 8(a).

### Conviction and Sentence

On January 27, 1998, Petitioner was charged by information with one count

of armed robbery and one count of grant theft.[1]  Petitioner pled not guilty.[2]  In a notice dated March 31, 1998, the State filed its intent to seek an extended term of imprisonment as either a habitual offender, a habitual felony offender, or a violent career criminal.[3]  On April 2, 1998, the State filed a notice that Petitioner qualified as a prison releasee reoffender, and that upon conviction the State may seek imposition of the mandatory sentence.[4]

On May 22, 1998, Petitioner filed a motion to suppress evidence, maintaining evidence was seized pursuant to an invalid search warrant.[5]  On May 28, 1998, the trial court held a hearing on the motion to suppress.  The trial court denied Petitioner's motion to suppress on the basis that Petitioner did not having standing to challenge the search of the vehicle because he was a passenger.  Further, the trial court held that even if Petitioner had standing to challenge the search warrant, there was probable cause and the items in the car would have ultimately been discovered.[6]  During the motion hearing, Petitioner also filed a motion in limine which was granted with no objection from the State.[7]

---

[1]Doc. 10, Appx. A, pgs. 1-2.  On May 26, 1998, Petitioner was charged by amended information. (Doc. 10, Appx. A, pgs. 107-108).

[2]Doc. 10, Appx. A, pg. 26.

[3]Doc. 10, Appx. A, pg. 32.

[4]Doc. 10, Appx. A, pg. 34.

[5]Doc. 10,  Appx. A, pg. 39.

[6]Doc. 11, Appx. B, pg. 754.

[7]Doc. 11, Appx. B, pg. 771.

The trial court held a jury trial June 1-4, 1998.[8] The jury found Petitioner guilty and on June 10, 1998 Petitioner was sentenced to life imprisonment as a prison releasee reoffender.[9] Petitioner appealed his conviction and sentence. [10] On appeal, Petitioner maintained that the trial court erred by denying his motion to declare the "prison releasee reoffender" act unconstitutional.[11]

In an opinion dated July 9, 1999, the District Court of Appeal for the Fifth District of Florida affirmed Petitioner's conviction and sentence. Gray v. State, 742 So.2d 805 (Fla. 5th DCA 1999). On July 22, 1999, Petitioner filed a motion for rehearing and/or certification. [12] On September 17, 1999, the court granted the motion. Gray v. State, 742 So. 2d 809 (Fla. 5th DCA 1999). On October 6, 1999, mandate issued.[13] Petitioner then invoked the discretionary jurisdiction of the Supreme Court of Florida.[14] In an order dated January 18, 2000, the Supreme Court of Florida accepted jurisdiction. Gray v. State, 751 So. 2d 1252 (Fla. 2000). The Florida Supreme Court issued a show cause order why previously decided cases

---

[8] Docs. 10-11, Appx. B.

[9] Doc. 10, Appx. A, pgs. 144-155. Petitioner's grand theft conviction was dismissed at sentencing.

[10] Doc. 10, Appx. A, pg 175

[11] Doc. 12, Appx. C.

[12] Doc. 12, Appx. C, pg. 47.

[13] Doc. 12, Appx. C, pg. 54.

[14] Doc. 12, Appx. C, pg. 52, 55.

should not control the outcome of the petition.[15]  After Petitioner's response conceded the controlling authority, the Supreme Court issued an order dated June 21, 2001 declining to accept jurisdiction and denying the petition.  Gray v. State, 791 So. 2d 1097 (Fla. 2001).

On May 9, 2002, Petitioner filed a 3.850 motion for post conviction relief raising three grounds: (1) ineffective assistance of counsel for failing to call a witness; (2) ineffective assistance of counsel for failing to object to out-of-court and in-court identification procedures; and (3) ineffective assistance of counsel for failing to move to suppress the out-of-court identification by Sharon Graham.[16]  In an order dated November 19, 2002, the trial court denied Petitioner's motion.[17]  Petitioner appealed the denial and in an order dated February 18, 2003, the Fifth District Court of Appeal affirmed the trial court *per curiam*.  Gray v. State, 838 So.2d 1175 (Fla. 5th DCA 2003).  Mandate issued on March 7, 2003.[18]  Petitioner filed the instant habeas Petition on May 9, 2003.  (Doc. 1).

**Timeliness of Petition**

Respondents concede that the Petition was timely filed within the one-year

---

[15] Doc. 12, Appx. C. Pg. 140.

[16] Doc. 12, Appx. C, pg. 146.

[17] Doc. 12, Appx. C, pg. 177.  The trial court found that Petitioner's motion could be refuted by the record and denied the motion without an evidentiary hearing.

[18] Doc. 12, Appx. C, pg. 215.

limitation period under 28 U.S.C. § 2244(d)(1).[19]

## Claims of Petition

In the Petition, the Petitioner raises the following grounds for relief:

(1) ineffective assistance of counsel based upon counsel's failure to call a witness;

(2) ineffective assistance of counsel based upon counsel's failure to object to an out-of-court statement and in-court identification procedures; and

(3) ineffective assistance of counsel for failing to move to suppress the out-of-court identification by Sharon Graham.

## Exhaustion/Procedural Bars

There are two prerequisites to federal habeas review: (1) "the applicant must have fairly apprised the highest court of his state with the appropriate jurisdiction of the federal rights which allegedly were violated," and (2) "the applicant must have presented his claims in state court in a procedurally correct manner."[20] Respondents concede that Petitioner's three claims were properly raised in Petitioner's Rule 3.850 motion and are properly exhausted.

## Standard of Review

After the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the role of a federal habeas court when reviewing a state prisoner's application pursuant

---

[19] Respondents' Response to Petition (Doc. 9) at pg. 4-5.

[20] Upshaw v. Singletary, 70 F.3d 576, 578-579 (11th Cir. 1995) (citations omitted).

to 28 U.S.C. § 2254 is limited.[21]  Specifically, a federal court must give deference to state court adjudications unless the state court's adjudication of the claim is "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." See 28 U.S.C. § 2254(d)(1).  Moreover, each clause ("contrary to" and "unreasonable application") provides a separate basis for review.[22]

Furthermore, under § 2254(d)(2), this Court must determine whether the state court's adjudication resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.[23]  The AEDPA also directs that the factual findings of the state court are afforded a presumption of correctness that can only be rebutted by clear and convincing evidence.  See § 2254(e)(1).   This presumption of correctness applies to factual determinations made by both the state trial and appellate courts.[24]

Finally, for a state court's resolution of a claim to be an adjudication on the merits so that the state court's determination will be entitled to deference for purposes of federal habeas corpus review under AEDPA, all that is required is a rejection of the claim on the merits, not an opinion that explains the state court's

---

[21] See Williams v. Taylor, 529 U.S. 362, 403-404 (2000).

[22] Wellington v. Moore, 314 F.3d 1256, 1260-61 (11th Cir. 2002).

[23] See also Van Poyck v. Florida Dept. Of Corr., 290 F.3d 1318, 1321 (11th Cir. 2002) (per curiam) ("[u]nless a state court decision is directly contrary to Supreme Court case law, we review state court findings of fact and conclusions of law for reasonableness").

[24] Bui v. Haley, 321 F.3d 1304, 1312 (11th Cir. 2003).

rationale for such a ruling.[25]

## Merits of Claims

Under Strickland v. Washington, 466 U.S. 668 (1984), Petitioner is entitled to habeas relief when counsel's performance falls below an objective standard of reasonableness, and there is a reasonable probability that, but for counsel's errors and omissions, the result of the proceedings would have been different. Id. at 687. Further, in reviewing counsel's performance, the inquiry is whether counsel made a reasonable decision under prevailing professional norms and the court should presume effectiveness. Id. at 690.

Petitioner claims that his counsel rendered ineffective assistance of counsel in three circumstances. As to ground one, Petitioner contends that his counsel was ineffective for failing to call Genie Terry as a witness to testify. With regard to this claim, the trial court found:

> In claim one of this motion, the Defendant alleges his counsel was ineffective for failing to call Genie Terry at his trial. The Defendant further alleges that Ms. Terry would have provided favorable, exculpatory testimony as provided in her deposition testimony. However, the attached deposition testimony merely shows that Ms. Terry could not identify the assailants with confidence....Further, as Detective L.P. Brown testified in his deposition, he had shown the photo line-up of the Defendant to five Service Merchandise employees, all of who positively identified the Defendant....The Defendant is not entitled to relief where it is questionable as to whether the testimony is exculpatory, or even favorable, and there is no reasonable possibility that the outcome of the trial would have been affected if the testimony had been presented.[26]

---

[25] Wright v. Secretary for the Dept. of Corrections, 278 F.3d 1245, 1255 (11th Cir. 2002).

[26] Doc. 13, Appx. C, pgs. 177-178.

As to ground two, Petitioner contends that his counsel was ineffective for failing to object to identification procedures. Citing Strickland v. Washington, 466 U.S. 668 (1984), the state court denied the second ground stating that Petitioner failed to establish the second prong of the Strickland test. The trial court stated in part:

> The Defendant's second ground for relief, alleges that the photo-pak line-up used by the police was impermissibly suggestive in that the Defendant is the only one pictured that resembles the description given by the witnesses....Similarly, the Defendant claims in the third and final ground for relief, that the photo line up of a single photo shown to Sharon Graham was impermissibly suggestive and her out-of-court and in-court identification should have been stricken. The claims are couched in terms of ineffective assistance of counsel for counsel's failure to file a motion to suppress, or object to the identification procedure.
>
> The testimony in the instant case. . .shows that the Detective did not suggest any photo to the witnesses, but asked each witness, individually and apart from any other witnesses, if he could pick out the person that he saw in the store. All of the witnesses chose the Defendant.
>
> [T]he Defendant's claim of ineffective assistance of counsel in ground two must fail in this instance because Defendant has failed to establish the second prong of Strickland v. Washington, 466 U.S. 668 (1984), which sets forth the two-prong test to determine whether an accused received ineffective assistance of counsel....
>
> Even if counsel's failure to move to suppress or object to the identification procedure could be considered deficient, the result would not have changed as there were not reasonable grounds counsel could have challenged the photo-pak or the identification process, and the motion would have been denied.[27]

---

[27]Doc. 13, Appx. C, pg. 179.

As to ground three, Petitioner submits that his counsel was ineffective for failing to move to suppress Sharon Graham's out-of-court identification of Petitioner. With regard to this claim, the state court found:

> As to the final ground raised in the Defendant's motion, he states that the witness Sharon Graham was shown a single photograph of the Defendant depicting a front and side view of his face....
>
> The Defendant's allegations suggest that Ms. Graham was shown **only** one photograph. However, her deposition testimony, like her trial testimony, shows that Detective Brown first showed her the six photos in the photo-pak, and she chose the Defendant from the six, and was then certain she had properly identified him when showed the single photograph because his face was thinner in the second photograph. . . .The Court does not find the Defendant has stated a legally sufficient claim in ground three of his motion.[28]

Upon an independent review of the record, the state court's adjudication of Petitioner's claims was not contrary to clearly established federal law as the state court specifically cited <u>Strickland</u> as the appropriate standard for reviewing Petitioner's ineffective assistance of counsel claims. Additionally, this Court does not believe that the state court's adjudication of the claims involved an unreasonable application of clearly established federal law, nor do the state court's findings result in a decision that is based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

As noted by the state court, Petitioner's claims are clearly refuted by the record or are without merit. Accordingly, Petitioner has failed to establish that he is entitled to federal habeas relief on these claims and grounds one, two, and three,

---

[28] Doc. 13, Appx. C, pg. 180.

are due to be denied.

## Conclusion

For the reasons set forth herein, the Petition is **DENIED with prejudice.** The Clerk is directed to enter judgment accordingly, terminate any pending motions, and close the file.

**IT IS SO ORDERED.**

**DONE AND ORDERED** at Ocala, Florida, this 19th day of September 2006.

*[signature]*

UNITED STATES DISTRICT JUDGE

c: Michael Gray
   Counsel of Record